IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARMEN ROA,**

       **Plaintiff,**

vs.                                                                No.  08cv0623 DJS

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's (Roa's) Motion to Remand **[Doc. No. 17]**, filed November 10, 2008, and fully briefed on December 12, 2008.  On November 28, 2007, the Commissioner of Social Security issued a final decision denying Roa's claim for disability insurance benefits and supplemental security income payments.  Roa seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds that the motion to remand is well taken and will be **GRANTED**.

### I.  Factual and Procedural Background

Roa, now fifty-one years old (D.O.B. December 29, 1957), filed her application for disability insurance benefits on April 17, 2003 and supplemental security income payments on March 28, 2003 (Tr. 13), alleging disability since March 6, 2003, due to the effects of pulmonary and systemic sarcoidosis with liver and lymph gland involvement and depression. (Tr. 88).  Roa has a high school education and two years of college.  Tr. 94.  Roa has past relevant work as a preschool teacher from 1988 through 2003 (Tr. 97).  On March 11, 2005, the ALJ issued her

decision denying benefits. Tr. 309-317. On September 19, 2005, the Appeals Council remanded the case to an ALJ to hold a supplemental hearing and issue a new decision. Tr. 320-323. On May 2, 2007, the ALJ held the supplemental hearing. Tr. 601-634. On November 28, 2007, the ALJ issued her decision, finding that Plaintiff was not disabled because she was capable of performing the unskilled sedentary jobs enumerated by the vocational expert (VE). Tr. 16.

Roa filed a Request for Review of the decision by the Appeals Council. On May 5, 2008, the Appeals Council denied Roa's request for review of the ALJ's decision. Tr. 8. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Roa seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Moreover, "all of the ALJ's required findings must be supported by substantial evidence," *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir. 1999), and all of the relevant medical evidence of record must be considered in making those findings, *see Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989). "[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir.

1996).  Therefore, while the Court does not reweigh the evidence or try the issues de novo, *see Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993), the Court must meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings, in order to determine if the substantiality test has been met.  *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

### III.  Discussion

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity.  *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)).  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  *Thompson*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

3

In support of her motion to reverse and remand, Roa makes the following arguments: (1) the ALJ's decision fails to consider a treating physician opinion; (2) the ALJ's analysis at step three is deficient; (3) the ALJ's hypothetical question to the VE is flawed; and (4) The ALJ's decision does not specify the relative weight given to the several medical opinions in the medical evidence of record.

Treating Physician Opinion

An ALJ must determine whether to give a treating medical source's opinion "controlling weight," and, if not, to determine what deference the opinion is due using the factors set forth in the regulations. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir.2003). The ALJ's determination regarding the weight assigned to a treating physician's opinion "'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. at 1300 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5). Additionally, an ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record. *Drapeau v. Massanari*, 255  F.3d 1211, 1213 (10th Cir.2001);  *see also* §§20 C.F.R.  404.1527(d)(2); 416.927(d)(2).  The regulations also provide that the agency generally will give more weight to medical opinions from treating sources than those from non-treating sources.  *See* 20 C.F.R. § 404.1527(d)(2). Notably, "findings of a nontreating physician based upon limited contact and examination are of suspect reliability." *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). Finally, the opinions of specialists related to their area of specialty are entitled to more weight than that of a physician who is not a specialist in the area involved.  *See* 20 C.F.R. § 404.1527(d)(5).

"When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision." *Drapeau*, 255 F.3d at 1213 (quotation omitted). "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his . . . own credibility judgments, speculation or lay opinion." *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (quotations and italics omitted).

On February 6, 2007, Scott Donofrio, M.D., completed a Mental Residual Functional Capacity Assessment. Tr. 556-558. Dr. Donofrio, Roa's treating psychiatrist, found Roa was "**Markedly Limited**" in the following areas: (1) the ability to understand and remember detailed instructions; (2) in the ability to carry out detailed instructions; (3) the ability to work in coordination with or proximity to others without being distracted by them; (4) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (5) the ability to accept instructions and respond appropriately to criticism from supervisors; (6) the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; (7) the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and (8) the ability to travel in unfamiliar places or use public transportation.

Dr. Donofrio also found Roa was "**Moderately Limited**" in the following areas (1) the ability to remember locations and work-like procedures; (2) the ability to understand and remember very short and simple instructions; (3) the ability to carry out very short and simple instructions; (4) the ability to maintain attention and concentration for extended periods; (5) the

5

ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (6) the ability to sustain an ordinary routine without special supervision; (7) the ability to make simple work-related decisions; (8) the ability to interact appropriately with the general public; (9) the ability to ask simple questions or request assistance; (10) the ability to respond appropriately to changes in the work setting; and (11) the ability to set realistic goals or make plans independently of others.

>   Dr. Donofrio also submitted a written statement in support of his assessment:

>   Carmen Roa is a forty-nine year old Anglo woman who has been single after divorcing the father of her two preteen boys about five years ago. Ms. Roa had a series of failed marriages and several adult children who live out of state. Two and a half years ago, Carmen began to access services at the Community Mental Health Services. Carmen has been on medications for bipolar disorder for nearly twenty years and continues to work with the agency psychiatrist for her medication. If it were not for the fact that Carmen Roa has never been treated for the incest, abuse and denial she experienced throughout her childhood[,] I would expect her mental illness to be lifelong. While working on issues with her children, she began to recognize that her childhood and adult DV experiences have a profound effect on her and want to begin to address these issues. It is possible that resolving these traumas will bring her some peace and functionality. It will probably take three to five years.

Tr. 558.

Based on Dr. Donofrio's Mental Residual Functional Capacity Assessment, Roa contends she meets Listing 12.04 for affective disorders. Additionally, Roa contends the ALJ erred by not considering Dr. Donofrio's opinion and by not giving his opinion substantial weight since he is her treating physician. Finally, Roa contends the ALJ's hypothetical question to the VE was flawed because it did not include restrictions from Dr. Donofrio's opinion.

In her decision the ALJ noted: "Subsequently, in February 2007, Dr. Scott Donofrio noted that the claimant had a traumatic childhood and he felt that her mental illness would be 'lifelong.'" Tr. 13. The ALJ cited to Exhibit 43F, which is Dr. Donofrio's Mental Residual

6

Functional Capacity Assessment.  The ALJ did not elaborate any further.  As Roa points out, "[t]he ALJ did not provide any analysis of why Plaintiff did not meet Listing 12.04, did not mention or discuss Dr. Donofrio's report, did not provide any explanation for why she disregarded the opinion of a treating physician, and did not provide any reason for giving 'significant' weight to the opinion of a consulting physician . . . ."  Pl.'s Brief in Supp. At 7.

Dr. Donofrio's report presents the opinion of a treating psychiatrist, which cannot simply be ignored.  *See Robinson v. Barnhart*, 366 F.3d 1078, 1082-84 (10th Cir.2004) (explaining how to analyze treating psychiatrist's opinion); *see also Clifton v. Chater*, 79 F.3d at 1009-10 (Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative.).

The evidence also does not support the ALJ's finding that she could not "give significant weight to Dr. Lagrone's opinion that the claimant was unable to work because of her psychological disorders" because "[h]is opinion was not shared by other mental health specialists."  Tr. 13.  Dr. Donofrio is not only a treating physician, he is also a "mental health specialist."  Dr. Donofrio also opined that Roa was unable to work.

Based on the foregoing, the Court finds that the ALJ failed to apply correct legal standards and her decision of nondisability is not supported by substantial evidence.  Accordingly, the Court will remand this matter to allow the ALJ to consider Dr. Donofrio's Mental Residual Functional Capacity Assessment and his opinion of disability and follow the analysis set forth in *Robinson v. Barnhart*.  The ALJ shall also determine whether Roa meets Listing 12.04, reconsider her analysis of Dr. Lagrone's opinion, and redetermine Roa's RFC.  If the ALJ consults with a VE, the ALJ's hypothetical question(s) must accurately reflect the severity of Roa's mental impairments.  *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir.

1991)(testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support ALJ's decision).

A judgment in accordance with this Memorandum Opinion and Order will be entered.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**